UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>K. TRUMBLY, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-00706-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 1] |

Plaintiff Gregory Ell Shehee is a civil detainee proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

Although certain portions of the Prison Litigation Reform Act (PLRA) are not applicable to Plaintiff as a civil detainee, section 1915(e)(2)(B) applies to all persons proceeding in forma pauperis. See Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001).

## II.

## PLAINTIFF'S COMPLAINT

Plaintiff names the following individuals as Defendants: (1) K. Trumbly, External Affairs Manager at Coalinga State Hospital; (2) Sara Gardner, Department of State Hospitals Legal Counsel; (3) Bill Holland, Staff Mental Health Specialist, Office of Human Rights, Sacramento, CA.; (4) Audrey King, Acting Executive Director at Coalinga State Hospital; (5) Barbara Morris, Director of Health Care Information; (6) Dennis Mitchell, Director of Health Care Information; (7) Stephanie Valley, Psychiatric Technician at Coalinga State Hospital; (8) John and Jane Does 1 through 8, Unit 2 W.R.P. staff; (9) John and Jane Doe Officers 1 through 7, Coalinga State Hospital, Department of

1 Police Services; (10) Carl A. Bonacci, Ph.D, Psychologist at Coalinga State Hospital; (11) and Daniel
2 Waggoner, Director of Office of Patient's Rights at Coalinga State Hospital.
3     Plaintiff claims that the Department of State Hospitals and its employees are falsifying state
4 records, and as mandated state reporters, are failing to report illegal activities.  Specifically, Plaintiff
5 alleges that K. Trumbly, Sara Gardner, and Bill Holland, have a responsibility to report criminal
6 activity that is brought to the attention of their office within two days of the criminal activity having
7 been reported.  Trumbly, Gardner, and Holland, as mandated reports, must report and investigate the
8 criminal activity, or must at least report the criminal activity to qualified investigators responsible for
9 the investigation of criminal activity by Department of State Hospital employees.  Plaintiff contends
10 these defendants failed to fulfill their duties as mandated reporters to investigate and report the abuses
11 by the hospital.
12     Plaintiff contends that for many years, the Office of Patient's Rights, has failed to investigate
13 and answer complaints of serious physical abuse in a timely manner by and through Daniel Waggoner.
14     Plaintiff contends that Audrey King, Executive Director of Coalinga State Hospital, is in
15 charge of all the staff employees of the hospital, who are mandated reporters.  When criminal assaults
16 and the connected falsification of state records was brought to her attention she refused to take action
17 of any kind which would lead to the mandatory reporting of the criminal activity or which would relief
18 Plaintiff's serious suffering.  Unit 2 and Unit 17 staff, from 2010 through 2013, used numerous form
19 CSH-049's to harass and intimate Plaintiff.  Moreover, the Coalinga State Hospital employees wrote
20 numerous false statements in these official state documents.  Additionally, these employees had
21 embarked upon this scheme of harassment and intimidation for the purpose of further attempting to
22 silence Plaintiff, and to induce him to give up his state and federal constitutional rights, and his rights
23 to due process under those constitutions.
24     In 2009, Audrey King, stated to Plaintiff, "Because of officer Cosby and the other officers
25 jumping on you for no valid reason and crushing your spine, when you sue them you will be the
26 richest patient ever in this hospital."
27     Plaintiff alleges that Barbara Morris and Dennis Mitchell, Directors at the Health Care
28 Information, are responsible for overseeing of the investigation, processing and handling of the form

1  C.S.H.-057 entitled: "Request for correction/amendment of Health Information form." Such forms,
2  filed by Plaintiff from February 14, 2014, to March 7, 2014, requested that the false information be
3  corrected and that Plaintiff's forms C.S.H.-057 be properly entered into his official medical record.
4  Morris and Mitchell refused to do so, and intentionally and purposefully allowed the falsified records
5  to remain, and refused to enter Plaintiff's form 057's into the medical record.

6        Carl A. Bonacci, Ph. D, a psychologist and agent of Audrey King, performed an evaluation of
7  Plaintiff on January 8, 2014, while rely on falsified and uncorrected records in Plaintiff's medical
8  record.

9        In January 2009 and 2013, Stephanie Valley witnessed Plaintiff being seriously physically
10 assaulted and refused to file a Special Incident Report form as required by law. When Stephanie
11 Valley returned from a stay at Stockton State Hospital, she immediately began a program of abuse and
12 intimidation against Plaintiff and manipulated situations on Unit 2 which put Plaintiff in threat of
13 immediate physical harm.

### III.

### DISCUSSION

16       Plaintiff's sole claim in the complaint is the allegation that several individuals have conspired
17 and falsified false documents to cover up illegal criminal activity. As a civil detainee, Plaintiff is
18 entitled to treatment more considerate than that afforded pretrial detainees or convicted criminals.
19 Jones v. Blanas, 393 F.3d 918, 931-32 (9th Cir. 2004). Plaintiff's right to constitutionally adequate
20 conditions of confinement is protected by the substantive component of the Due Process Clause.
21 Youngberg v. Romeo, 457 U.S. 307, 315 (1982).

22       A determination whether Plaintiff's rights were violated requires "balancing of his liberty
23 interests against the relevant state interests." Youngberg, 457 U.S. at 321. Plaintiff is "entitled to
24 more considerate treatment and conditions of confinement than criminals whose conditions of
25 confinement are designed to punish," but the Constitution requires only that courts ensure that
26 professional judgment was exercised. Id., at 321-22. A "decision, if made by a professional, is
27 presumptively valid; liability may be imposed only when the decision by the professional is such a
28 substantial departure from accepted professional judgment, practice, or standards as to demonstrate

that the person responsible actually did not base the decision on such a judgment." Id. at 322-23; compare Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243-44 (9th Cir. 2010) (rejecting the Youngberg standard and applying the deliberate indifference standard to a pretrial detainee's right to medical care, and noting that pretrial detainees, who are confined to ensure presence at trial, are not similarly situated to those civilly committed). The professional judgment standard is an objective standard and it equates "to that required in ordinary tort cases for a finding of conscious indifference amounting to gross negligence." Ammons v. Washington Dep't of Soc. & Health Servs., 648 F.3d 1020, 1029 (9th Cir. 2011).

To obtain relief under § 1983, a person must establish that a state actor deprived him of a right secured by the Constitution or laws of the United States. Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 156 (1978). In this case, even if it is assumed that Defendants reported the events of the alleged assault(s) falsely to cover up certain individuals' wrongdoings, Plaintiff has not shown that this is a violation of a right secured by the Constitution or laws of the United States. See Knox v. Wainscott, No. 03-C-1429, 2003 WL 21148973, at *9 (N.D. Ill. May 14, 2003) ("However, the plaintiff has no separate cause of action against the defendant Lang for falsifying an injury report. Lang may have engaged in professional misconduct if she fabricated documents to cover up wrongdoing committed by her fellow officers. Nevertheless, her actions did not violate any constitutional right.").

Indeed, if any wrongdoing were "covered up," this could be a violation of prison regulations or even state law, but there is no showing that it is a violation of any right protected but the Constitution or laws of the United States. Cf. Baker v. McCollan, 443 U.S. 137, 146 (1979) (noting that many claims which may be actionable as violations of state tort law do not amount to constitutional violations); see also Hernandez v. Estelle, 788 F.2d 1154, 1159 (5th Cir. 1986). Thus, even if Plaintiff contends that defendants acted in concert to hide any alleged wrongdoings, "[i]t remains necessary to prove an actual deprivation of a constitutional right; a conspiracy to deprive is insufficient." Gillum v. City of Kerrville, 3 F.3d 117, 123 (5th Cir. 1993).

The allegations set forth in Plaintiff's complaint fail to state a cognizable claim for relief and the complaint must be dismissed. In the interest of justice, the Court will grant the opportunity to file

an amended complaint if he believes he can do so in good faith accordingly to the legal standard set forth above.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed May 12, 2014, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **July 31, 2014**

UNITED STATES MAGISTRATE JUDGE