UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE, | Case No.: 1:14-cv-00706-AWI-SAB (PC) |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION |
| K. TRUMBLY, et al., | [ECF Nos. 10, 11] |
| Defendants. | |

Plaintiff Gregory Ell Shehee is a civil detainee proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

On August 14, 2014, Plaintiff filed two separate motions for reconsideration of the Court's August 1, 2014, screening order dismissing his complaint, with leave to amend, for failure to state a cognizable claim for relief. (ECF Nos. 10, 11.)

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quotation marks and citation omitted). The moving party must demonstrate both injury and circumstances beyond his control. Id. Further, Local Rule 230(j) requires, in relevant part, that

1

Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation …" of that which was already considered by the Court in rendering its decision." U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff requests the Court to reconsider the Magistrate Judge's order dismissing the complaint with leave to amend for failure to state a cognizable claim for relief.  Rather than point to alleged deficiencies in the Magistrate Judge's screening order, Plaintiff merely reargues and restates the allegations of his complaint.  At this stage of the proceedings, if Plaintiff disagrees with the Court's screening order, his remedy is to file a First Amended Complaint clearly and succinctly stating the allegations and claims upon which he wishes to proceed, in compliance with the August 1, 2014, screening order.  Plaintiff was forewarned in the screening order that if he does not file an amended complaint, the Court will recommend that his case be dismissed, with prejudice, for failure to state a claim.  Plaintiff has not set forth any facts or law of a strongly convincing nature to induce the Court to reverse the Magistrate Judge's screening order.  Accordingly, Plaintiff's motions for reconsideration are DENIED.

IT IS SO ORDERED.

Dated:   October 29, 2014                      _____
                                                SENIOR DISTRICT JUDGE