UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>K. TRUMBLY, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-00706-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S NOTICE OF APPEAL CONSTRUED AS MOTION FOR APPOINTMENT OF COUNSEL AND STAY OF PROCEEDINGS<br><br>[ECF No. 15] |

　　　　Plaintiff Gregory Ell Shehee is a civil detainee proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.  Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act.  Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

　　　　On December 1, 2014, Plaintiff filed a notice of appeal.  (ECF No. 15.)  Plaintiff states that due to his blindness, he can no longer proceed without an attorney.  Plaintiff requests a stay of the proceedings until he receives surgery.  Although Plaintiff labels his document as a notice of appeal, it does not indicate what decision he is seeking to appeal, and instead requests appointment of an attorney and a stay of the proceedings-rulings for which this Court can ascertain. Accordingly, the Court construes Plaintiff's "notice of appeal" as a request for appointment of counsel and request to stay the proceedings.

///

## I.     Appointment of Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.  Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id.  (internal quotation marks and citations omitted).

In the present case, Plaintiff contends he is entitled to appointment of counsel because he is legally blind and it is extremely difficult for him to read or write.  At this stage of the proceedings, the Court does not find that Plaintiff cannot adequately articulate claims or respond to the Court's orders. Plaintiff submits medical documents indicating that as of January 5, 2010, he was diagnosed to be "legally" blind as defined in the United States.  (ECF No. 15, at 3.)   Yet, since 2010, Plaintiff has filed this action pro se, along with numerous other actions, in this Court.  See 1:14-cv-00589-LJO-GSA, Shehee v. Flores, et.al.; 1:13-cv-01936-AWI-DLB, Shehee v. Hill, et.al.; 1:14-cv-00122-LJO-BAM, Shehee v. Beuster, et.al.; 1:14-cv-01154-LJO-DLB, Shehee v. Nguyen, et.al.; 1:14-cv-00590-AWI-GSA, Shehee v. King.  Plaintiff's eyesight appears sufficient to prepare and file legal documents in this case.  Thus, Plaintiff's legal blindness is not grounds for appointment of counsel, at this time. Plaintiff is advised that he is not precluded from renewing the motion for appointment of counsel at a later stage of the proceedings.  Accordingly, Plaintiff's request for appointment of counsel is DENIED, without prejudice.

## II.     Request to Stay Proceedings

Plaintiff requests to stay the proceeding until he receives surgery presumably to address his vision.

///

A district court has the inherent power to stay its proceedings. This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936). This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254-255. In determining whether a stay is warranted, courts consider the potential prejudice to the non-moving party; the hardship or inequity to the moving party if the action is not stayed; and the judicial resources that would be saved by simplifying the case or avoiding duplicative litigation if the case before the court is stayed. CMAX Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).

Plaintiff seeks to stay the action for some indefinite time period until he receives surgery. The Court is sensitive to the fact that Plaintiff has problems with his vision which invariably greats some difficulty in prosecuting his action pro se. To that end, upon a showing a good cause, requests for extension of time to file requisite documents with the Court are routinely granted and there are no reasons to assume at this stage of the proceedings that any ruling will be made to the contrary should Plaintiff make the requisite showing. Further, indefinitely staying this action would not save judicial resources or avoid duplicative litigation. To the contrary, allowing a case to be stayed indefinitely would result in congestion of the Court's already overloaded docket and calendaring system. Finally, as stated above, Plaintiff has simply not shown that his vision difficulty has created a problem in responding and complying with the court's orders. Accordingly, Plaintiff's request for a stay of the proceedings is DENIED.

Based on the foregoing, Plaintiff's motion for appointment of counsel and for stay of the proceedings is DENIED.

IT IS SO ORDERED.

Dated:   **December 10, 2014**

UNITED STATES MAGISTRATE JUDGE

3