UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE,<br><br>  Plaintiff,<br><br>  v.<br><br>K. TRUMBLY, et al.,<br><br>  Defendants. | Case No.: 1:14-cv-00706-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE<br><br>[ECF No. 18] |

Plaintiff Gregory Ell Shehee is a civil detainee proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

On August 1, 2014, the Court screened and dismissed Plaintiff's complaint with leave to amend within thirty days. (ECF No. 9.) After more than thirty days passed and Plaintiff failed to file an amended complaint, an order to show cause as to why the action should not be dismissed was issued on December 11, 2014. (ECF No. 17.)

Instead of filing a response to the order to show cause, Plaintiff filed a motion for the appointment of counsel on January 26, 2015. (ECF No. 18.)

Plaintiff seeks appointment of counsel because he is now "totally, completely, and irrevocably blind. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.

1

Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  Although Plaintiff contends he is now totally blind, this fact alone does not demonstrate exceptional circumstances.  At this stage of the proceedings, the Court cannot make a determination if Plaintiff is likely to succeed on the merits.  Plaintiff's initial complaint was dismissed with leave to amend for failure to state a cognizable claim for relief.  Plaintiff failed to amend the complaint and an order to show cause was issued and is still pending.  Thus, there is no operative complaint on file that states a cognizable claim.  Moreover, there is no basis to find that Plaintiff cannot adequate articulate his claim and respond to court orders.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.  Within **thirty (30)** days from the date of service of this order, Plaintiff shall file a response to the Court's order to show cause, and the failure to comply with this order will result in dismissal of the action.

IT IS SO ORDERED.

Dated:   **February 6, 2015**

UNITED STATES MAGISTRATE JUDGE