UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE,<br><br>  Plaintiff,<br><br>  v.<br><br>K. TRUMBLY, et al.,<br><br>  Defendants. | Case No.: 1:14-cv-00706-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DIRECTING CLERK OF COURT TO SEND PLAINTIFF A COURTESY COPY OF ORIGINAL COMPLAINT AND COURT ORDER ISSUED AUGUST 1, 2014<br><br>[ECF No. 23] |

Plaintiff Gregory Ell Shehee is a civil detainee proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

On April 2, 2015, the Court vacated the pending order to show cause and granted Plaintiff thirty days to file an amended complaint.

On April 10, 2015, Plaintiff filed objections to the April 2, 2015, order which the Court construes as a motion for reconsideration. (ECF No. 23.)

Reconsideration motions are committed to the discretion of the trial court. Rodgers v. Watt, 711 F.2d 456, 460 (9th Cir. 1983); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield,

1  634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514
2  (9th Cir. 1987).

3  Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies
4  relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and
5  is to be utilized only where extraordinary circumstances …" exist.  Harvest v. Castro, 531 F.3d 737,
6  749 (9th Cir. 2008) (internal quotation marks and citation omitted).  The moving party "must
7  demonstrate boy injury and circumstances beyond his control …." Id. (internal quotation marks and
8  citation omitted).  In seeking reconsideration of an order, Local Rule 230(j) requires Plaintiff to show
9  "what new or different facts or circumstances are claimed to exist which did not exist or were not
10 shown upon such prior motion, or what other ground exist for the motion."

11 Plaintiff fails to demonstrate any basis to reconsider the Court's April 2, 2015, order.
12 Plaintiff's claim that he was recently transferred from Coalinga State Hospital to the Fresno County
13 jail while unfortunate is not a basis to reconsider the Court's April 2, 2015, order.  Plaintiff is
14 apparently without his legal property due his recent transfer and requests that the Court provide him
15 with a copy of his original complaint. In light of the fact that Plaintiff was recently transferred from
16 Coalinga State Hospital to the Fresno County jail and is without his legal property and Plaintiff's
17 original complaint is not voluminous, the Court will make a one-time exception and provide Plaintiff
18 with a free copy of his original complaint.  However, Plaintiff is advised and cautioned that he is
19 responsible for retaining any and all documentation related to this case.  The Clerk of Court does not
20 ordinarily provide free copies of case documents to parties.  The Clerk charges $.50 per page for
21 copies of documents.  See 28 U.S.C. § 1914(a).  Copies of up to twenty pages may be made by the
22 Clerk's Office at this Court upon written request and prepayment of the copy fees.  The fact that the
23 Court has granted leave for Plaintiff to proceed in forma pauperis does not entitle him to free copies of
24 documents from the Court.  Under 28 U.S.C. § 2250, the Clerk is not required to furnish copies
25 without cost to an indigent plaintiff except by order of the court.
26 ///
27 ///
28 ///

1 | Based on the foregoing, it is HEREBY ORDERED that:

2 | 1. Plaintiff's motion for reconsideration of the Court's April 2, 2015, order is DENIED; and

4 | 2. The Clerk of Court is directed to send Plaintiff a copy of the original complaint, filed May 12, 2014 (ECF No. 1) and copy of the Court's August 1, 2014, screening order (ECF No. 9).

IT IS SO ORDERED.

Dated:   **April 16, 2015**

UNITED STATES MAGISTRATE JUDGE