UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>K. TRUMBLY, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-00706-AWI-SAB (PC)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH ONE FINAL OPPORTUNITY TO AMEND<br><br>[ECF No. 25] |

At the time this action was filed, Plaintiff Gregory Ell Shehee was a civil detainee proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act.[1] Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

Now pending before the Court is Plaintiff's first amended complaint, filed May 15, 2015. (ECF No. 25.)

**I.**

**SCREENING REQUIREMENT**

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that

---

[1] At the time Plaintiff filed the instant action he was confined at Coalinga State Hospital, however, Plaintiff is presently in the custody of the Fresno County jail.

1

"seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

Although certain portions of the Prison Litigation Reform Act (PLRA) are not applicable to Plaintiff as a civil detainee, section 1915(e)(2)(B) applies to all persons proceeding in forma pauperis. See Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001).

## II.

## ALLEGATIONS OF COMPLAINT

Plaintiff's allegations are difficult to decipher and understand as the claims are fragmented and sometimes illegible. As far as the Court can determine, Plaintiff contends that false criminal charges were brought against him as a result of certain Defendants abuse of power which resulted in cruel and unusual punishment.

Plaintiff further contends that he was subjected to a physical attack by officials at Coalinga State Hospital.

## III.

## DISCUSSION

### A. Rule 8 of the Federal Rules of Civil Procedure

The Court advises Plaintiff of the following requirements under the Federal Rules of Civil Procedure regarding the general formatting of his complaint. Plaintiff's complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Federal Rule of Civil Procedure 8(d)(1). A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Federal Rule of Civil Procedure 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Federal Rule of Civil Procedure 10(b).

Plaintiff's handwritten first amended complaint is somewhat incoherent and at points illegible. Plaintiff is advised that he must submit "clearly legible" pleadings, and his amended complaint is not. Local Rule 130(b). The Court will address the claims as best it can decipher.

### B. False Criminal Charges

As a civil detainee, Plaintiff is entitled to treatment more considerate than that afforded pretrial detainees or convicted criminals. Jones v. Blanas, 393 F.3d 918, 931-32 (9th Cir. 2004). Plaintiff's right to constitutionally adequate conditions of confinement is protected by the substantive component of the Due Process Clause. Youngberg v. Romeo, 457 U.S. 307, 315 (1982).

A determination whether Plaintiff's rights were violated requires "balancing of his liberty interests against the relevant state interests." Youngberg, 457 U.S. at 321. Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," but the Constitution requires only that courts ensure that professional judgment was exercised. Id., at 321-22. A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate

3

that the person responsible actually did not base the decision on such a judgment." Id. at 322-23; compare Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243-44 (9th Cir. 2010) (rejecting the Youngberg standard and applying the deliberate indifference standard to a pretrial detainee's right to medical care, and noting that pretrial detainees, who are confined to ensure presence at trial, are not similarly situated to those civilly committed). The professional judgment standard is an objective standard and it equates "to that required in ordinary tort cases for a finding of conscious indifference amounting to gross negligence." Ammons v. Washington Dep't of Soc. & Health Servs., 648 F.3d 1020, 1029 (9th Cir. 2011).

To obtain relief under § 1983, a person must establish that a state actor deprived him of a right secured by the Constitution or laws of the United States. Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 156 (1978). In this case, even if it is assumed that Defendants reported the events of the alleged assault(s) falsely to cover up certain individuals' wrongdoings, Plaintiff has not shown that this is a violation of a right secured by the Constitution or laws of the United States. See Knox v. Wainscott, No. 03-C-1429, 2003 WL 21148973, at *9 (N.D. Ill. May 14, 2003) ("However, the plaintiff has no separate cause of action against the defendant Lang for falsifying an injury report. Lang may have engaged in professional misconduct if she fabricated documents to cover up wrongdoing committed by her fellow officers. Nevertheless, her actions did not violate any constitutional right.").

Indeed, if any wrongdoing were "covered up," this could be a violation of prison regulations or even state law, but there is no showing that it is a violation of any right protected but the Constitution or laws of the United States. Cf. Baker v. McCollan, 443 U.S. 137, 146 (1979) (noting that many claims which may be actionable as violations of state tort law do not amount to constitutional violations); see also Hernandez v. Estelle, 788 F.2d 1154, 1159 (5th Cir. 1986). Thus, even if Plaintiff contends that defendants acted in concert to hide any alleged wrongdoings, "[i]t remains necessary to prove an actual deprivation of a constitutional right; a conspiracy to deprive is insufficient." Gillum v. City of Kerrville, 3 F.3d 117, 123 (5th Cir. 1993).

As to Plaintiff's challenge to the filing of criminal charges, Plaintiff is advised that the United States Supreme Court has held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or

sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). Heck applies to claims arising out of pending charges, as appears to be the case here. See Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) (Heck barred plaintiff's false arrest and imprisonment claims until conviction was invalidated); Smithart v. Tower, 79 F.3d 951, 952 (9th Cir. 1996) (Heck barred plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him). The practical importance of this rule is that a plaintiff cannot attack his conviction in a civil rights action. The decision must have been successfully attacked before the civil rights action is filed. See Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2006). Indeed, in the first amended complaint, Plaintiff references a pending writ of habeas corpus action in this Court in case number 1:12-cv-01395-AWI-JLT (HC), of which the Court takes judicial notice.[2] See Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978) (court may take judicial notice of court records). A motion to dismiss is pending in that case in which it is noted that on May 7, 2010, criminal charges were filed against Plaintiff in which Plaintiff ultimately pled no contest to misdemeanors. (ECF No. 28 in 1:12-cv-013950AWI-JLT.) Accordingly, Plaintiff cannot pursue a claim in this action based on the filing of false criminal charges.

C.     **Excessive Force**

The substantive component of the Due Process Clause protects civil detainees from unconstitutional conditions of confinement, and Plaintiff has a right to personal safety while in state detention. Youngberg v. Romeo, 457 U.S. 307, 315 (1982).

As noted above, the rights of civilly committed persons are protected by the Due Process Clause of the Fourteenth Amendment and not the Cruel and Unusual Punishment Clause of the Eighth Amendment. Endsley v. Luna, No. CV 06-06961-DSF (SS), 2009 WL 789902, at *4 (C.D. Cal. Mar. 23, 2009). An excessive force claim by a person, confined in a state institution, who is not a prisoner

---

[2] Plaintiff incorrectly lists the case number as 1:12-cv-01359-AWI-JLT.

5

subject to punishment, falls under the objective reasonableness standard of the Fourteenth Amendment, which is also applied to excessive force claims by pretrial detainees, and not under the Eighth Amendment excessive force standard. Andrews v. Neer, 253 F.3d 1052, 1061 (9th Cir. 2001). The due process standard applicable to a detainee's confinement raises "concerns similar to those raised by the housing of pretrial detainees, such as the legitimate institutional interest in the safety and security of guards and other individuals in the facility, order within the facility, and the efficiency of the facility's operations." Andrews, 263 F.3d at 1061 (citing Johnson-El v. Schoemehl, 878 F.2d 1043, 1048 (8th Cir. 1989).

Plaintiff provides only vague allegations as to a physical attack by Coalinga State Hospital personnel and failure of certain individuals who witnessed the event to take appropriate action. There is insufficient information to enable the Court to analyze Plaintiff's excessive force and/or failure to protect claims under the above standards. Plaintiff fails to describe the events leading to the alleged application of force, his reaction to the force, the duration of the force, and the extent of any injury inflicted. If Plaintiff chooses to amend, he should allege facts demonstrating application of force by any named Defendants for other than penological purposes causing him harm. Iqbal, 556 U.S. at 678. Thus, the Court cannot determine based on the vague allegations set forth in the first amended complaint whether Plaintiff states a plausible claim for relief. The Court will grant Plaintiff one last opportunity to amend the complaint.

## IV.
## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted one final opportunity to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties

and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's first amended complaint, filed May 15, 2015, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **May 21, 2015**

UNITED STATES MAGISTRATE JUDGE