UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE, <br><br> Plaintiff, <br><br> v. <br><br> K. TRUMBLY, et al., <br><br> Defendants. | Case No.: 1:14-cv-00706-AWI-SAB (PC) <br><br> ORDER DIRECTING PLAINTIFF TO FILE A THIRD AMENDED COMPLAINT OR INFORM COURT OF HIS INTENT TO PROCEED ON ONE OF THE CLAIMS FOUND TO BE COGNIZABLE <br><br> [ECF No. 30] |

At the time this action was filed, Plaintiff Gregory Ell Shehee was a civil detainee proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

Now pending before the Court is Plaintiff's second amended complaint, filed July 8, 2015. (ECF No. 30.)

**I.**

**SCREENING REQUIREMENT**

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

1   A complaint must contain "a short and plain statement of the claim showing that the pleader is
2   entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
3   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
4   do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly,
5   550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally
6   participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County,
7   Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

8   Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings
9   liberally construed and to have any doubt resolved in their favor, but the pleading standard is now
10  higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive
11  screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow
12  the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal,
13  556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer
14  possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely
15  consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556
16  U.S. at 678; Moss, 572 F.3d at 969.

17  Although certain portions of the Prison Litigation Reform Act (PLRA) are not applicable to
18  Plaintiff as a civil detainee, section 1915(e)(2)(B) applies to all persons proceeding in forma pauperis.
19  See Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001).

20  **II.**
21  **ALLEGATIONS OF COMPLAINT**

22  Plaintiff raises two separate and unrelated incidents in which he claims he was subjected to
23  excessive force by staff. The first incident allegedly took place on January 16, 2009, when two
24  individuals Defendant Cosby and several other officers used excessive force on Plaintiff despite the
25  fact that Plaintiff was not involved in a fight involving two other individuals. Plaintiff contends
26  specifically that Psych Tech Ryan Homel stated loudly that Plaintiff was not involved he just had eye
27  surgery, yet Defendant Cosby and fourteen other officers pulled Plaintiff to the ground in a chock
28  hold. Defendant Cosby deliberately put his knee in Plaintiff's spine as Plaintiff was already on the

ground. Plaintiff felt the pop crusting of his spine. Psych Tech Ryan was calling for the officers to stop, but Defendant Cosby put both his hands around his head and neck.

Plaintiff claims on this same date, Defendant S. Valley, Psych Tech, failed to protect and intervene during the assault of Plaintiff by Defendant Cosby. Plaintiff contends that Defendant Valley stood in the medication room and witnessed the assault by Defendant Cosby and the other officers. Plaintiff contends that Defendant Audrey King failed to protect him. Plaintiff claims that on January 17, 2009, Defendant King told Plaintiff that "[b]ecause of officer Cosby and the other officers jumping on you for no valid reason and crushing your spine, and hitting you in your righ[t]-side ribs when you sue you will be the richest patient ever in this hospital." (2nd Amd. Compl. at 10.)

The second incident allegedly took place on January 31, 2011, when Defendant Redding and sixteen other officers used excessive force on Plaintiff while he was inside his cell. Defendant Sergeant Blanco allowed the excessive force to take place and failed to intervene to protect Plaintiff.

Plaintiff contends that Defendants Jack Carter, K. Trumbly, and D. Waggoner failed to intervene and protect Plaintiff from the harm on January 16, 2009, and January 31, 2011.

## III.

## DISCUSSION

A.   Excessive Force/Failure to Intervene

The Eighth Amendment's prohibition against cruel and unusual punishment only protects convicted prisoners. Bell v. Wollish, 441 U.S. 520, 535 (1979); Graham v. Connor, 490 U.S. 386, 395 n. 10 (1989). On the other hand, civil detainees are entitled to Fourteenth Amendment protections. See Seling v. Young, 531 U.S. 250, 265 (2001) ("[D]ue process requires that the conditions and duration of confinement under the [civil confinement act] bear some reasonable relation to the purpose for which persons are committed."); Jones v. Blanas, 393 F.3d 918, 933 (9th Cir. 2004) ("Civil status means civil status, with all the Fourteenth Amendment rights that accompany it.") A civil detainee is entitled to "more considerate treatment" than his criminally detained counterparts. Jones, 393 F.3d at 932 (quoting Youngberg, 457 U.S. at 321-322.)

In the context of pretrial detainees, the Fourteenth Amendment requires that pretrial detainees not be subject to conditions that amount to punishment. Bell, 441 U.S. at 536. "At a bare minimum

3

… an individual detained under civil process-like an individual accused but not convicted of a crime-cannot be subject to conditions that "amount to punishment." Jones, 393 F.3d at 932 (quoting Bell, 441 U.S. at 536). Thus, "when a SVPA detainee is confined to conditions identical to, or similar to, or more restrictive than, those in which his criminal counterparts are held, [the Court] presume[s] that the detainee is being subjected to punishment. Id. (quotations omitted). Although Bell involved a claim by a pretrial detainee rather than a civilly committed individual such as Plaintiff, the difference is immaterial for purposes of analysis. See Youngberg, 457 U.S. at 321 (applying Bell to a claim by a civilly committed plaintiff); Davis v. Wessel, 792 F.3d 793, 800 (7th Cir. 2015)

In Kingsley v. Hendrickson, 135 S.Ct. 2466 (2015), the Supreme Court recently stated that the Due Process Clause of the Fourteenth Amendment requires only that Plaintiff show "that the force purposely or knowingly used against him was objectively unreasonable." Id. at 2473. The determination of whether the force was objectively unreasonable depends upon the fact and circumstances of each individual case. Id. "A court must make this determination from the prospective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. The court must also consider "legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained,' appropriately deferring to 'policies and practices that in the judgment' of jail officials 'are needed to preserve internal order and discipline and to maintain institutional security.'" Id. (quoting Bell v. Wolfish, 441 U.S. at 540).

"[P]olice officers have a duty to intervene when their fellow officers violate the constitutional rights of a suspect or other citizen." United States v. Koon, 34 F.3d 1416, 1447 n.25 (9th Cir. 1994), rev'd on other grounds, 518 U.S. 81 (1996). Thus, the failure to intervene can support an excessive force claim where the bystanders had a realistic opportunity to intervene but failed to do so. Lolli v. County of Orange, 351 F.3d 410, 418 (9th Cir. 2003); Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000); Robbins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995); see also Montley v. Parks, 383 F.3d 1058, 1071 (9th Cir. 2004) (neither officers who participated in the harassing search nor officers who failed to intervene and stop the harassing search were entitled to qualified immunity).

Plaintiff's allegation that he was subjected to excessive force on January 16, 2009, by Defendant Cosby and Defendant S. Valley failed to intervene and protect Plaintiff from the force is sufficient to state a cognizable claim under the Fourteenth Amendment.

Likewise Plaintiff's allegation that he was subjected to excessive force on January 31, 2011, by Defendant Redding and Defendant Sergeant Blanco failed to intervene and protect Plaintiff from the force is sufficient to state a cognizable claim under the Fourteenth Amendment.

However, Plaintiff's allegations fail to give rise to a cognizable claim against any of the other named Defendants. Out of an abundance of caution, the Court will grant Plaintiff the opportunity to file a third amended complaint to cure the failure to state a cognizable claim against any other defendants, if he feels that he can do so.

B.      Joinder of Multiple Claims and Defendants Under Rules 18 and 20

Plaintiff is raising two separate claims based on different events against different defendants. Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not assert multiple claims against unrelated defendants in this action. That the defendants work at the same facility and the claims involve the same type of action (excessive force) is not sufficient to support joinder of claims. In filing an amended complaint, Plaintiff must choose which claim he wishes to pursue in this action. If Plaintiff fails to do so, the Court will determine which claims proceed and which will be dismissed. Visendi v. Bank of America, N.A., 733 F.3d 863, 870-871 (9th Cir. 2013).

In this case, although Plaintiff states a cognizable claim for relief against Defendants Cosby and Valley relating to the January 16, 2009, and against Defendants Redding and Blanco relating to the January 31, 2011, incident, Plaintiff's claims are not properly joined, and Plaintiff may not proceed on both cognizable claims in the same action. Accordingly, the Court will grant Plaintiff the opportunity to amend the complaint to cure the defect. Plaintiff must determine which claims he wants to pursue in this action. Plaintiff is cautioned that if his amended complaint fails to comply with Rule 18(a), the Court will choose which claims will proceed and will dismiss out all unrelated claims, without prejudice. Visendi v. Bank of America, N.A., 733 F.3d 863, 870-871 (9th Cir. 2013).

## IV.

## CONCLUSION AND ORDER

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 18 and 20. As noted above, the Court will provide Plaintiff with an opportunity to file an amended complaint to cure the identified deficiencies or notify the Court of his intent to proceed on one of the claims found to be cognizable. As previously stated, Plaintiff must determine which claims he wants to pursue in this action and if Plaintiff files a third amended complaint and in violation of Rules 18 and 20, the Court will determine which claim(s) shall proceed in this action. Accordingly, within thirty (30) days from the date of service of this order, Plaintiff shall notify the Court in writing which claim he wishes to proceed with in this action or file a third amended complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall notify the Court as to which claim he wishes to proceed with in this action or file a third amended complaint; and

///
///
///
///
///
///

2. Failure to comply with this order will result in dismissal of the action for failure to comply with a court order.

IT IS SO ORDERED.

Dated: **November 2, 2015**

UNITED STATES MAGISTRATE JUDGE