UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>K. TRUMBLY, et al.,<br><br>　　　　　Defendants. | Case No.: 1:14-cv-00706-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS AND ALLOWING ACTION TO PROCEED ON PLAINTIFF'S CLAIM OF EXCESSIVE FORCE AGAINST DEFENDANTS REDDING AND BLANCO<br><br>[ECF Nos. 30, 31, 37] |

　　　At the time this action was filed, Plaintiff Gregory Ell Shehee was a civil detainee proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

**I.**

**DISCUSSION**

　　　On November 3, 2015, the Court screened Plaintiff's second amended complaint pursuant to 28 U.S.C. § 1915 and found that it stated a claim for damages against Defendants Redding and Blanco for excessive force and failure to protect on January 31, 2011, and a separate *but* unrelated claim against Defendants Cosby and S. Valley for excessive force and failure to protect on January 16, 2009. (ECF No. 31); Fed. R. Civ. P. 8(a); Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the Court found that the second amended complaint

1

did not state any other claims for relief against any other individuals. (ECF No. 31.) The Court ordered Plaintiff to either file a third amended complaint curing the deficiencies identified or notify the Court that he was willing to proceed only on one of the claims found to be cognizable. (Id.) On January 12, 2016, Plaintiff filed a notice stating he does not intend to amend and he is willing to proceed only on his cognizable Eighth Amendment claims for excessive force against Defendant Redding and failure to protect against Defendant Blanco. (ECF No. 37.) Plaintiff additionally states that he wishes to proceed against the "other sixteen officers" who allegedly used excessive force against Plaintiff. However, Plaintiff is advised that the Court did not and the second amended complaint does not state a cognizable excessive force claim against the unidentified "other sixteen officers." Therefore, Plaintiff may not proceed against the other sixteen officers referenced in his notice.

## II.

## RECOMMENDATIONS

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's claim under the Fourteenth Amendment against Defendant Redding for excessive force, and against Defendant Blanco for failure to protect on January 21, 2011;

2. All other claims and Defendants be DISMISSED from the action for failure to state a cognizable claim for relief; and

3. The matter be referred back to the undersigned for initiation of service of process as to Defendants Redding and Blanco.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may

///

///

result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 13, 2016**

UNITED STATES MAGISTRATE JUDGE