UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE,<br><br>        Plaintiff,<br><br>    v.<br><br>K. TRUMBLY et al.,<br><br>        Defendants. | No. 1:14-cv-00706-DAD-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND GRANTING PLAINTIFF'S MOTION TO SEVER THE UNRELATED CLAIMS AND OPEN A NEW ACTION<br><br>(Doc. Nos. 30, 31, 37, 38, 39) |

      At the time this action was filed, plaintiff Gregory Ell Shehee was a civil detainee proceeding pro se with this civil rights action brought pursuant to 42 U.S.C. § 1983.[1] On November 3, 2015, the court screened plaintiff's second amended complaint pursuant to 28 U.S.C. § 1915 and found that plaintiff's complaint stated a cognizable claim for damages against defendants Cosby and S. Valley for use of excessive force and failure to protect with respect to an incident which took place on January 16, 2009, and a separate *but* unrelated claim against defendants Redding and Blanco for use of excessive force and failure to protect with respect to an

---

[1] Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000).

incident which took place on January 31, 2011. (Doc. No. 31 at 5.)[2] The court found that the second amended complaint did not state any other cognizable claims for relief against any other individuals. (Doc. No. 31 at 5.) The court ordered plaintiff to either file a third amended complaint curing the deficiencies identified therein or to notify the court that he was willing to proceed only on one of the claims found to be cognizable. (*Id.* at 6.) On January 12, 2016, plaintiff filed a notice stating he was willing to proceed only on his cognizable Fourteenth Amendment claims and, further, that he did not intend to amend his complaint to attempt to state claims against other individuals. (Doc. No. 37.)

On January 13, 2016, the assigned magistrate judge issued findings and recommendations recommending that this action proceed only on plaintiff's Fourteenth Amendment claims against defendants Redding and Blanco. (Doc. No. 38.) The findings and recommendations were served on plaintiff and contained notice that objections were to be filed within thirty days. Plaintiff Shehee filed objections on February 1, 2016. (Doc. No. 39.) In his objections, plaintiff indicates that he intends to proceed on both of his claims found cognizable by the court—i.e., against defendants Cosby and S. Valley relating to the January 16, 2009 incident, and against defendants Redding and Blanco relating to the January 31, 2011 incident.[3] (*Id.*)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the assigned magistrate judge's findings and recommendations to be supported by proper analysis. However, the court will grant plaintiff's request proceed on both of his claims found to be cognizable under the Fourteenth Amendment by the magistrate judge. Under Rule 21 of the Federal Rules of Civil Procedure, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. *See also Davis v.*

---

[2] *See* Fed. R. Civ. P. 8(a); Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

[3] In his objections, plaintiff also requests that he be able to proceed against defendant Audrey King with respect to the January 16, 2009 incident. (*Id.*) However, as the magistrate judge has found, plaintiff has failed to state a cognizable claim against defendant King in plaintiff's second amended complaint. (*See* Doc. No. 31 at 5.)

*Mason Cty.*, 927 F.2d 1473, 1479 (9th Cir. 1991) (noting that courts have broad discretion regarding severance). Thus, in the interest of justice, the court will exercise its discretion to sever the two claims.

Accordingly, for the reasons set forth above,

1. This action shall proceed against defendants Redding and Blanco on plaintiff's claims under the Fourteenth Amendment relating to the alleged excessive use of force and failure to protect with respect to an incident on January 21, 2011;

2. Plaintiff's Fourteenth Amendment claims against defendants Cosby and S. Valley relating to the excessive use of force and failure to protect with respect to an incident on January 16, 2009, are severed from this action;

3. The court directs the Clerk of the Court to open a new case entitled *Gregory Ell Shehee v. Cosby et al.*, with a new case number, which shall be assigned to Magistrate Judge Stanley A. Boone and in which this order and all preceding docket entries shall be entered[4];

4. All other claims and defendants are dismissed from this action for failure to state a cognizable claim for relief; and

5. The matter and the newly opened case are referred back to the assigned magistrate judge for further proceedings including initiation of service of process in both cases.

IT IS SO ORDERED.

Dated:   **March 10, 2016**

_____
UNITED STATES DISTRICT JUDGE

---

[4] The court will leave to the assigned magistrate judge the determination of whether in order to avoid future confusion, plaintiff should be required to file amended complaints in both cases containing only the claim that is being presented in that particular case.