UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE,<br><br>  Plaintiff,<br><br>  v.<br><br>K. TRUMBLY, et al.,<br><br>  Defendants. | Case No.: 1:14-cv-00706-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO QUASH SUBPOENAS SERVED BY DEFENDANTS<br><br>[ECF No. 55] |

At the time this action was filed, Plaintiff Gregory Ell Shehee was a civil detainee proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

Currently before the Court is Plaintiff's motion to quash the subpoenas served by Defendants, filed September 14, 2016. Defendants filed an opposition on September 2, 2016-prior to the date of filing date of Plaintiff's motion in this case because an identical motion was filed in the companion case of 1:16-cv-00354-DAD-SAB, Shehee v. Cosby, et al.

On March 10, 2016, the Court severed Plaintiff's claim of excessive force against Defendants Cosby and S. Valley arising from an incident that took place on January 16, 2009, from his claims of excessive force against Defendants Redding and Blanco in this case which took place on January 31, 2011.

## I.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 45 "[a] command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D). "A party cannot object to a subpoena duces tecum served on a nonparty, but rather, must seek a protective order or file a motion to quash" pursuant to Federal Rule of Civil Procedure 45(c)(3)(A). Moon v. SCP Pool Corp., 232 F.R.D. 633, 636 (C.D. Cal. 2005); see also Cal. Sportfishing Prot. Alliance v. Chico Scrap Metal, Inc., 299 F.R.D. 638, 643 (E.D. Cal. 2014).

Rule 45(d)(3)(A) sets forth the bases for a court to quash or modify a subpoena, which provides, in pertinent part:

> [o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it (i) fails to allow reasonable time for compliance; (ii) requires a person who is not a party … to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business…., or (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iv) subjects a person to undue burden.

Fed. R. Civ. P. 3(d)(3)(A). "Although irrelevance is not among the litany of enumerated reasons for quashing a subpoena found in Rule 45, courts have incorporated relevance as a factor when determining motions to quash a subpoena." Moon, 232 F.R.D. at 637 (citing Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter, 211 F.R.D. 658, 662 (D. Kan. 2003)). Thus, in determining undue burden, the Court should weigh the burden of the subpoenaed party against the requested information's relevance, need of the serving party for the information, the breadth of the information requested, the time period covered by the request, and the particularity with which the request is made. Moon, 232 F.R.D. at 637.

In the operative complaint, Plaintiff contends that Defendants used excessive force on two separate occasions. Plaintiff contends that he suffered serious spinal injuries, nerve damage and broken ribs. Defense counsel, James C. Phillips, declares that on August 8, 2016, he caused to be issued two identical subpoenas in each of these cases (instant case and companion case 1:13-cv-00654-DAD-SAB (PC), Shehee v. Cosby, et al.), seeking essentially the same records. (Declaration of

James C. Phillips ("Phillips Decl.") ¶ 2, ECF No. 54.)  The subpoenas were served on Coalinga State Hospital and the Fresno County Jail on August 22 and 23, 2016.  (Id.)  Counsel's intent was to obtain one set of the subpoenaed records for use in both cases.  (Id.)  The subpoenas requested Plaintiff's medical records from Coalinga State Hospital and the Fresno County Jail (where Plaintiff is presently housed) and the Hospital police department records pertaining to the two incidents of use of force. (Id.)  Although counsel did not submit a copy of the actual subpoenas, the Court accepts counsel's representation in his declaration signed under penalty of perjury and as an officer of the Court, as to the validity of such requests.  See Fed. R. Civ. P. 11(b), (c).

In his motion to quash, Plaintiff merely contends that the subpoenas invade his privacy right. (Mot. at 3-4, ECF No. 55.)  The Court agrees that Plaintiff has placed his medical history at issue by claiming various serious physical and psychological injuries resulting from Defendants' alleged use of force.  Plaintiff's complaint also contains allegations about the contents of his medical health records. The Court finds that Defendants' subpoenas for Plaintiff's medical records from Coalinga State Hospital and the Fresno County Jail, and the corresponding police reports relating to the incidents of the use of force, are reasonably limited in scope and relevant to the claims and defenses in this matter. Accordingly, Plaintiff's motions to quash the subpoenas shall be denied.

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to quash the subpoenas issued by Defendants is DENIED.

IT IS SO ORDERED.

Dated:   **September 29, 2016**

UNITED STATES MAGISTRATE JUDGE