UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE,<br><br>      Plaintiff,<br><br>   v.<br><br>TRUMBLY, et al.,<br><br>      Defendants. | Case No.: 1:14-cv-00706-DAD-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RETURN THIRD AMENDED COMPLAINT LODGED BY THE COURT ON JANUARY 5, 2017, AND DIRECTING CLERK OF COURT TO CHANGE CAPTION OF CASE TO REFLECT DEFENDANT REDDING, ET AL.<br><br>[ECF No. 62] |

At the time this action was filed, Plaintiff Gregory Ell Shehee was a civil detainee proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

On January 5, 2017, the Court received a third amended complaint from Plaintiff which was lodged.

This action is proceeding against Defendant Redding for excessive force and Defendant Blanco for failure to protect on January 31, 2011.

Plaintiff has amended once and therefore he must obtain leave of court to amend. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the

amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951.  Additionally, the "court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint." Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1438 (9th Cir. 1986).  There is no abuse of discretion "in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995); see also Allen v. City of Beverly Hills, 911 F.2d 367, 374 (9th Cir. 1990).

In this instance, Plaintiff merely submitted a third amended complaint and did not request leave to amend.  Because no leave of Court was granted, the Clerk lodged rather than filed the proposed third amended complaint.  Plaintiff has neither filed a motion for leave to amend the complaint nor has he been granted leave by the Court to file an amended complaint.  Although the scheduling order set a deadline for amendment as February 4, 2017, this did not grant Plaintiff automatic leave to file an amended complaint.  Accordingly, Plaintiff's third amended complaint lodged by the Court on January 5, 2017, shall be returned to Plaintiff.

IT IS SO ORDERED.

Dated:   **January 11, 2017**

UNITED STATES MAGISTRATE JUDGE