UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE,<br><br>    Plaintiff,<br><br>    v.<br><br>REDDING, et al.,<br><br>    Defendants. | Case No.: 1:14-cv-00706-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL, FILED JANUARY 26, 2017<br><br>[ECF No. 67] |

At the time this action was filed, Plaintiff Gregory Ell Shehee was a civil detainee proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

On January 26, 2017, Plaintiff filed a document entitled "motion to compel interrogatories and production of documents." (ECF No. 67.) Defendants filed an opposition on February 2, 2017. (ECF No. 71.) Because Plaintiff's motion must be denied as procedurally deficient, the Court will not await the time for filing a reply under Local Rule 230(*l*) before issuing the ruling.

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis

1

v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.  Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits.  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

In his motion, Plaintiff contends that Defendants have filed boilerplate objections to all discovery, but Plaintiff fails to reference or submit any discovery requests and responses.  Plaintiff goes to object and "reply" to Defendants' answer.  Thus, it appears that Plaintiff's motion filed as a "motion to compel" is really a reply to Defendants' answer, which is not an authorized pleading.

Rule 7 of the Federal Rules of Civil Procedure provides as follows:

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served.  No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

Fed. R. Civ. P. 7(a).  Because the Court did not order Plaintiff to reply to answer, Plaintiff's response shall be disregarded and Plaintiff's "motion to compel" is denied.

IT IS SO ORDERED.

Dated:   **February 3, 2017**

_____
UNITED STATES MAGISTRATE JUDGE

2