# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>REDDING, et al.,<br><br>　　　　　Defendants. | Case No.: 1:14-cv-00706-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL, FILED JANUARY 27, 2017<br><br>[ECF No. 68] |

At the time this action was filed, Plaintiff Gregory Ell Shehee was a civil detainee proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

Currently before the Court is Plaintiff's motion to compel, filed January 27, 2017. Defendants filed an opposition on February 7, 2017. (ECF No. 73.) Because Plaintiff's motion must be denied as procedurally deficient, the Court will not await the time for filing a reply under Local Rule 230(*l*) before issuing its ruling.

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis

1

v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

In his motion, Plaintiff refers to prior discovery requests as exhibits, but Plaintiff does not identify the actual questions and responses (or discovery request) that is at issue. Plaintiff alludes to misleading and evasive responses, but without any indication of the actual discovery set or interrogatories, it is impossible to know what the discovery dispute is actually about. Although Plaintiff attaches two pages of correspondence to his motion, the documents relate to Public Record Acts requests, and not discovery requests from Defendants in this action. (See Mot. Ex. D.)

Defendants submit that to the extent Plaintiff seeks copies of his own medical records, defense counsel is informed that those were provided to him this week [of February 7, 2017] by another section in this Office in the matter of Shehee v. Nguyen, et al., E.D. Cal. Case No. 1:14-cv-01154-LJO-MJS. (Opp'n at 2:3-6, ECF No. 73.)

Because Plaintiff's motion to compel is procedurally deficient it is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **February 8, 2017**

UNITED STATES MAGISTRATE JUDGE