**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GREGORY ELL SHEHEE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>REDDING, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-00706-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S THIRD MOTION TO COMPEL, FILED FEBRUARY 10, 2017<br><br>[ECF No. 75] |

　　　　At the time this action was filed, Plaintiff Gregory Ell Shehee was a civil detainee proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.  Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act.  Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

　　　　Currently before the Court is Plaintiff's third motion to compel, filed February 10, 2017. Because Plaintiff's motion must be denied as procedurally deficient, the Court will not await the time for filing an opposition before issuing its ruling.

　　　　Plaintiff has previously filed two other motions to compel and both have been denied.  (ECF Nos. 67, 68, 72, 74.)

　　　　In the instant motion to compel, Plaintiff makes reference to Defendants filing boilerplate objections to discovery requests, and Plaintiff attaches a Clerk's Notice from this Court which merely references the failure to identify the proper case number on a particular filings (but no filing is attached).

　　　　Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified.  Grabek v. Dickinson, No. CIV

S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

Plaintiff references boilerplate answers, but without any indication of the actual discovery request and response, it is impossible to know what the discovery dispute is actually about. As Plaintiff has previously been advised, as the moving party, he bears the burden of informing the court which discovery request are the subject of the motion to compel, which responses are disputed, why the Defendants' responses are deficient or its objections not justified, and why the information sought is relevant to the prosecution of the action. See Christ v. Blackwell, No. CIV-S-10-0760, 2011 WL 3847165, at *2 (E.D. Cal. Aug. 30, 2011); Ellis, 2008 WL 860523, at *4. Plaintiff has yet again failed to meet his burden of proof. Accordingly, Plaintiff's third motion to compel is DENIED.

IT IS SO ORDERED.

Dated:   **February 13, 2017**

UNITED STATES MAGISTRATE JUDGE