UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>REDDING, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-00706-DAD-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT AND DIRECTING THIRD AMENDED COMPLAINT TO BE FILED WITHIN THIRTY DAYS FROM THE DATE OF SERVICE OF THIS ORDER<br><br>[ECF No. 64] |

　　　At the time this action was filed, Plaintiff Gregory Ell Shehee was a civil detainee proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

　　　This action is proceeding against Defendants Redding and Blanco for excessive force.

　　　On August 2, 2016, Defendants filed an answer to the complaint. On August 4, 2016, the Court issued the discovery and scheduling order.

　　　On January 23, 2017, Plaintiff filed a motion to amend the complaint. On March 15, 2017, Defendants filed a statement of non-opposition to Plaintiff's motion.

///

///

///

1

# I.

# DISCUSSION

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course twenty-one days after serving, or if a response was filed, within twenty-one days after service of the response. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a).

Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951. Relevant to the futility factor, a plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). The burden to demonstrate prejudice falls upon the party opposing the amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining three factors, a presumptions exists under Rule 15(a) in favor of granting leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Plaintiff seeks to amend the complaint to add additional Defendants who were disclosed during discovery. Defendants have submitted a statement of non-opposition. Allowing parties to amend based on information obtained through discovery is common and well established. Fru-Con Constr. Corp. v. Sacramento Mun. Util. Dist., No. CIV. S-05-583 LKK/GGH, 2006 WL 3733815, *15-16 (E.D. Cal. Dec. 15, 2006). In this instance, the Court finds that granting Plaintiff's motion to amend would not prejudice Defendants Redding or Blanco, it was not brought in bad faith nor does it produce undue delay in the litigation as the motion was filed prior to deadline set forth in the Court's August 4, 2016, scheduling order, and amendment on its face does not appear futile. Accordingly, Plaintiff's motion to amend will be granted.

///

## II.

## CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to amend the complaint is granted;

2. Within thirty (30) days from the date of service of this order, Plaintiff may file a third amended complaint; and

3. Plaintiff is advised that an amended complaint supersedes the second amended complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an [second amended] complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the second amended complaint must be completely stated again in the amended complaint. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint, and leave to amend is only to add factual allegations as to his conditions of confinement claim. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

IT IS SO ORDERED.

Dated: **March 16, 2017**

UNITED STATES MAGISTRATE JUDGE