UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE, | No. 1:14-cv-00706-DAD-SAB |
| Plaintiff, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION FOR COPIES |
| REDDING, et al., | |
| Defendants. | (Doc. Nos. 92, 93, 94, 95) |

At the time this action was filed, Plaintiff Gregory Ell Shehee was a civil detainee proceeding *pro se* in a civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 2, 2017, and again on June 5, 2017, plaintiff filed motions seeking to obtain copies of case files. (Doc. Nos. 92–94.) On June 8, 2017, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motions for copies be denied. (Doc. No. 95.) The parties were provided twenty-one days during which to file objections to those findings and recommendations. (*Id.*) Plaintiff did so on June 22, 2017. (Doc. No. 99.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file,
/////

1

including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

The court has reviewed plaintiff's objections, which are somewhat difficult to decipher, and finds them to lack merit. Plaintiff alleges in his objections that the government has "stolen 397,000 relevant material evidence" to be used at trial in this case. (Doc. No. 99 at 8.) The court interprets this statement as seeking a preliminary injunction on the basis that plaintiff has been denied access to courts, or else has been retaliated against for filing the present action. Plaintiff's allegations in this regard, however, are directed at individuals who are not parties to this present. Plaintiff's third amended complaint filed in this case lists the following individuals as defendants: (1) J. Redding; (2) J. Blanco; (3) J. Gonzalez; (4) K. Peugh; (5) M. Clark; (6) R. David; (7) B.T. Bales; (8) Pamela Ahlin; (9) Audrey King; and (10) Jack Carter. (Doc. No. 88 at 2–3.) By contrast, the individuals who allegedly deprived plaintiff of his documents are, as best as the court can ascertain: (1) Margaret Mims; (2) J. Horton; (3) Lt. Mayor; (4) Lt. McCoy; (5) Sgt. Lacy; (6) Sgt. Betty Moreno; (7) Sgt. Eguiemi; (8) Corp. Casio; (9) Officer Rodriguez; (10) Officer Lecom; and (11) Officer Rams. (*See* Doc. No. 99 at 8–9.) It therefore does not appear as though any of the individuals plaintiff seeks to enjoin are parties to the present case.

"A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). Under Federal Rule of Civil Procedure 65(d), an injunction may only bind "the parties to the action, their officers, agents, servants, employees, and attorneys, and . . . those persons in active concert or participation with them who receive actual notice of the order." *Id.* (quoting the rule) (citing *Gardner v. Westinghouse Broadcasting Co.*, 437 U.S. 478, 481 (1978)). Moreover, those nonparties to the action must receive "actual notice" of the injunction in order to be bound by it. Fed. R. Civ. P. 65(d)(2). Plaintiff has not alleged that any of the individuals against whom the injunction is sought are officers, agents, servants, employees, or attorneys of any of the named defendants. Nor does plaintiff make any showing that they are in "active concert or participation" with the named defendants. Finally, it is not apparent to the court that any of the individuals

plaintiff seeks to enjoin have actual notice of this action.  The court therefore finds that it has no power to bind the individuals named in plaintiff's findings and recommendations by way of a preliminary injunction.

In any event, nothing in plaintiff's objections serves to dislodge the conclusion of the findings and recommendations that "[p]laintiff has failed to allege or demonstrate 'actual injury' by the alleged misconduct of prison officials." (Doc. No. 95 at 3.)  Plaintiff has failed to meet his burden of demonstrating that any irreparable harm will likely result in the absence of a preliminary injunction.  *Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (citing *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202–03 (9th Cir. 1980)).  The granting of a preliminary injunction is an "extraordinary remedy never awarded as of right." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)).  As such, a plaintiff must do more than merely allege imminent harm; "a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief." *Caribbean Marine Servs.*, 844 F.2d at 674.  Even if the court accepts as true plaintiff's contention that the named individuals stole documents from him, that fact alone is insufficient to demonstrate that irreparable harm to plaintiff is imminent.  Plaintiff's motion for injunctive relief is therefore denied.

For these reasons:

1. The findings and recommendations filed June 8, 2017 (Doc. No. 95) are adopted in full; and
2. Plaintiff's motions for copies (Doc. Nos. 92–94) are denied.

IT IS SO ORDERED.

Dated: **October 16, 2017**

UNITED STATES DISTRICT JUDGE

3