# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE,<br><br>    Plaintiff,<br><br>    v.<br><br>REDDING, et al.,<br><br>    Defendants. | Case No.: 1:14-cv-00706-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL<br><br>[ECF Nos. 115, 116] |

At the time this action was filed, Plaintiff Gregory Ell Shehee was a civil detainee proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

Currently before the Court are Plaintiff's motions to compel, filed on January 23, 2018, respectively. (ECF Nos. 115, 116.) Defendants filed an opposition to both of Plaintiff's motions on February 13, 2018, respectively. (ECF Nos. 117, 118.)

## I.
## DISCUSSION

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at

\*3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at \*2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at \*4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at \*1; Womack, 2011 WL 6703958, at \*3; Mitchell, 2010 WL 3835765, at \*2; Ellis, 2008 WL 860523, at \*4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

**A.  Plaintiff's First Motion to Compel (ECF No. 115)**

In his motion to compel, Plaintiff generally argues that Defendants did not adequately respond to all of his requests for production of documents. However, Plaintiff fails to specifically discuss the responses and why they are inadequate.

Defendants submit that Plaintiff served a document entitled "Plaintiff One Notice Some Medical Records Mailed by 1:14-cv-005.LJO Defendant's Ahlin, et al. Also Case Number Above. Second Request for Production of All Documents (IES)." Because it was not clear who the discovery was propounded to and because it was labeled as a second request for which only Defendants Redding and Blanco had been previously served, responses were provided by only Defendants Redding and Blanco.

This action is proceeding on Plaintiff's claim of excessive force against Defendants J. Redding, J. Blanco, K. Peugh, J. Gonzalez, M. Clark, R. Davis, B. T. Bales, Pamela Ahlin, Audrey King, and Jack Carter with respect to an incident on January 31, 2011. Plaintiff propounded twenty-five requests for production of documents. The Court agrees with Defendants that most of Plaintiff's requests were indiscernible, sought irrelevant material, sought records for various dates but did not include the date of incident in this case, and sought records from various medical professional. Defense counsel submits that neither Defendant Redding nor Blanco is or was a medical care provider. In fact, none of

the Defendants named in this case is or was a medical care provider. (ECF No. 117, Opp'n at 2.) Nonetheless, Defendants responded to Plaintiff's requests on December 19, 2017. (ECF No. 115 at pp. 33-43.)

Plaintiff's present motion to compel is difficult to decipher and fails to set forth a sufficient factual or legal basis to warrant an order compelling production of the requested documents. Plaintiff merely opposes Defendants' objections as "boilerplate." However, a review of Plaintiff's requests and Defendants' responses demonstrate that Plaintiff did not seek relevant documentation as related to the alleged use of excessive force on January 31, 2011. Further, because Defendants are not medical care providers, they do not have possession, custody, or control of Plaintiff's medical file. In any event, on November 6, 2017, the office of the Attorney General in the case of <u>Shehee v. Nguyen, et al.</u>, Case No. 1:14-cv01154-LJO-MJS, delivered to Plaintiff at the Fresno County Jail, a complete copy his medical records. (ECF No. 68.) Accordingly, Plaintiff's motion to compel further responses to his request for production of documents (set two) is denied.

### B. Plaintiff's Second Motion to Compel (ECF No. 116)

As with Plaintiff's first motion to compel, Plaintiff generally argues that Defendants did not adequately respond to all of his requests for production of documents. However, Plaintiff fails to specifically discuss the responses and why they are inadequate.

On October 10, 2017, Plaintiff served by mail, "Plaintiff's Request Production of Document and Things See Fed. R. Civ.P. 24(a)(1) Document's." (Whitney Decl. at ¶ 2 & Ex. A.) Defendants served responses on November 22, 2017. (ECF No. 116 at pp. 18-24, Ex. G.)

As an initial matter, Plaintiff's motion is confusing and difficult to decipher. Plaintiff references certain portions of the responses as boilerplate. However, Plaintiff's references to various lines on various pages do not coincide with any response. For instance, on page 2 of Plaintiff's motion, Plaintiff references to a "boilerplate response" on page 1, lines 14-26. (ECF No. 116 at p. 2.) However, page 1 of Defendants' response at lines 14-26, include portions of the case caption, identification of the propounding party, responding party, set number, and an introduction to the responses. (ECF No. 116 at p. 18.)

3

It appears that Plaintiff objects to Defendants responses in which they indicate that a complete set of Plaintiff's medical records were delivered to him at the Fresno County Jail on November 6, 2017. (ECF No. 116 at p. 7.) Plaintiff's objection lacks merits because Plaintiff requested various medical treatment records and a complete copy of his medical file; however, as previously stated, he was already in possession of a complete copy of his medical file. Thus, there is no basis to compel a further response.

Plaintiff also objects to Defendant King's response to his requests regarding documents related to her being a "Chairman" of a "People's Committee." However, Defendant King responded that she is not a chairman and has no knowledge of the People's Committee, and therefore no documents can be produced.

With regard to Request No. 7, Plaintiff sought copies of his patient rights complaint. (ECF No. 116 at p. 14.) Defendants provided the documents as Bates Numbers PR0001-PR0025. (Id. at p. 23.) The fact that Plaintiff simply believes additional documents are available does not justify compelling a further response.

Lastly, with regard to Request No. 8, Plaintiff requested the following: "To Defendants Audrey King, et al. The Deputy Attorney General Earli Eisenberg sent discovery to Sheriff's Lt. Mendez, who read copied my medical records 3/6/17, and on 3/7/2017 over 397,000 relevant material evidence was stolen less or destruction that cannot be replaced. All documents mental health, medical records of mine is to be addressed to me Gregory Ell Shehee. The interference with the case caused actual injuries to all 6 or 7 of my cases." (ECF No. 116 at p. 23.) Defendants objected on the grounds that the request related to another matter, it was vague, ambiguous, and assumed facts since Defendants, who are not the Sheriff, have no information pertinent to the allegation in the request. Without waiving the objections, Defendants again pointed out that a complete set of medical records was already delivered to Plaintiff. Defendants' objections have merit and Plaintiff has failed to meet his burden in demonstrating otherwise.

///
///
///

## II.

## ORDER

Simply stated, Plaintiff has failed to meet his burden in demonstrating why he believes Defendants' responses are deficient, why the objections are not justified, or that the information he seeks is relevant to the claims or defense in this action. It is not the duty of the Court to review Defendants' responses to Plaintiff's discovery requests to justify his motion to compel. Accordingly, Plaintiff's motions to compel filed on January 23, 2018 (ECF Nos. 115, 116), are denied.

IT IS SO ORDERED.

Dated: **February 28, 2018**

UNITED STATES MAGISTRATE JUDGE