# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE, <br><br> Plaintiff, <br><br> v. <br><br> REDDING, et al., <br><br> Defendants. | Case No.: 1:14-cv-00706-DAD-SAB (PC) <br><br> ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S DEPOSITION, AND GRANTING IN PART REQUEST FOR EXPENSES <br><br> [ECF No. 123] |

At the time this action was filed, Plaintiff Gregory Ell Shehee was a civil detainee proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion to compel Plaintiff's deposition and request for sanctions, filed April 17, 2018.

## I.
## PROCEDURAL BACKGROUND

This action is proceeding on Plaintiff's third amended complaint and claim of excessive force against Defendants J. Redding, J. Blanco, K. Peugh, J. Gonzalez, M. Clark, R. Davis, B. T. Bales, Pamela Ahlin, Audrey King, and Jack Carter with respect to an incident on January 31, 2011.

Defendants filed an answer to the third amended complaint on August 15, 2017.

On August 17, 2017, the Court issued a discovery and scheduling order.

As previously stated, on April 17, 2018, Defendants filed a motion to compel Plaintiff's deposition and request for sanctions.

Plaintiff has not filed an opposition, and Defendants' motion is therefore deemed submitted for review without oral argument pursuant to Local Rule 230(l).

1

## II.

## DISCUSSION

Pursuant to the discovery and scheduling order, Defendants are entitled to depose Plaintiff so long as they serve, by mail, a notice in compliance with Rule 30 at least fourteen days before the deposition. Fed. R. Civ. P. 5(b)(2)(C), 30(b)(1). (ECF No. 103.) On March 28, 2018, Defendants served Plaintiff with a notice that his deposition was scheduled for April 12, 2018, at 10:00 a.m. in Fresno, California. Fed. R. Civ. P. 30(b)(1). (Thomas Declaration (Decl.), ¶ 2.) The deposition notice was mailed to Plaintiff's Fresno Rescue Mission address on March 28, 2017. (Id., Ex. A.) However, on April 4, 2018, Plaintiff filed a notice of change of address listing an address in Lancaster, California. (ECF No. 122.) Therefore, on April 6, 2018, Defendants sent Plaintiff a letter delivered by overnight mail to Plaintiff's new Lancaster address, along with a copy of the original deposition notice. (Thomas Decl., ¶ 4, Ex. B.) In the letter, Plaintiff was advised that if for some reason he could not attend the deposition on April 12, 2018, to immediately contact defense counsel by telephone to reschedule. (Id.) According to the mailing service hired by Defendants to deliver the April 6, 2018 letter, the letter was delivered to the Lancaster address on April 9, 2018, and accepted and signed for by someone named "S. herrie." (Thomas Decl., ¶ 5, Ex. C.)

On April 12, 2018, Defendants' counsel drove from Sacramento to Fresno for the deposition, and arrived at the deposition service building at approximately 9:30 a.m. and waited until shortly after 11:00 a.m. for Plaintiff to appear. However, Plaintiff failed to attend his deposition and he failed to contact counsel to notify him that he was unavailable. Counsel therefore noted Plaintiff's non-appearance on the record with the court reporter. (Thomas Decl. ¶ 7, Ex. D.) On April 17, 2018, Defendants sent Plaintiff a letter regarding his failure to attend the deposition and notice of intent to file the instant motion. (Thomas Decl. ¶ 12, Ex. E.)

Defendants are entitled to depose Plaintiff, within the parameters of the Federal Rules of Civil Procedure and orders of the Court. Fed. R. Civ. P. 30; ECF No. 103, Disc. & Sched. Order. The Court finds that Defendants have their initial burden as the party moving for relief. Fed. R. Civ. P. 37(a). Plaintiff failed to respond to the motion and it is clear he failed to appear for the properly noticed deposition on April 12, 2018. Thus, Defendants' motion to compel must be granted.

Defendants also move for expenses incurred in filing the instant motion to compel in the amount of $715.00. Defendants submit they spent 3 hours drafting the instant motion to compel at a rate of $170.00 per hour, totalling $510.00, and the court reporter fee ($165.00) along with a copy of the transcript ($40.00), for a total cost of $715.00. (Thomas Decl., ¶¶ 9-11.) Because Plaintiff failed to appear at his properly noticed deposition, the Court will assess the fees of $205.00, but the Court will not impose the attorney fees in preparing the instant motion to compel at this time. However, Plaintiff is cautioned that his failure to attend a future noticed deposition by Defendants can and will result in all monetary sanctions, as well as dismissal of the action, with prejudice.

## III.

## ORDER

Based on the foregoing, the Court HEREBY ORDERS as follows:

1. Defendants' motion to compel Plaintiff's deposition, filed on April 17, 2018, is GRANTED;
2. The discovery deadline is extended to **July 31, 2018** to facilitate re-noticing Plaintiff's deposition and moving for further relief if necessary;
3. The dispositive motion deadline is extended to **September 28, 2018**;
4. The amount of $205.00 is assessed against Plaintiff; and
5. If Plaintiff fails to either appear for the deposition as scheduled or contact Defendants' counsel in advance of the deposition to communicate any issues with his ability to comply will result in the imposition of sanctions, up to and including dismissal of the action, with prejudice.

IT IS SO ORDERED.

Dated: **May 31, 2018**

UNITED STATES MAGISTRATE JUDGE