# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE, | Case No.: 1:14-cv-00706-DAD-SAB (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATION RECOMMENDING THE INSTANT ACTION BE DISMISSED FOR FAILURE TO COMPLY WITH A COURT AND FAILURE TO PROSECUTE THIS ACTION |
| REDDING, et al., | |
| Defendants. | [Doc. No. 128] |

At the time this action was filed, Plaintiff Gregory Ell Shehee was a civil detainee proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.**

**RELEVANT BACKGROUND**

On September 27, 2018, Defendants filed a motion for an order declaring Plaintiff a vexatious litigant. (Doc. No. 126.) Plaintiff did not file an opposition or statement of non-opposition. Local Rule 230. Accordingly, on October 31, 2018, the Court directed Plaintiff to file an opposition or statement of non-opposition within twenty-one (21) days. (Doc. No. 128.) The Court's order specifically advised Plaintiff that his failure to file an opposition or statement of non-opposition will result in a recommendation to dismiss the action for failure to prosecute and failure to obey a court order. (Id.)

1

On November 7, 2018, the Court's October 31, 2018, was returned by the United States Postal Office with a notation that is could not be delivered as addressed.

On November 8, 2018, Plaintiff filed a notice of change of address. (ECF No. 129.)_ On this same date, the Court re-served the October 31, 2018, order at Plaintiff's new address of record. On November 9, 2018, Plaintiff filed another change of address, but the address remained the same and re-service was not necessary. (ECF No. 130.)

The twenty-one deadline passed without Plaintiff either filing and opposition or statement of non-opposition.

## II.

## LEGAL STANDARD

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action for lack of prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

///

///

///

## III.
## ANALYSIS

In the instant case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weights in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting this action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not paid the filing fee for this action is likely unable to pay, making monetary sanctions of little use.

## IV.
## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the action be dismissed based on Plaintiff's failure to obey a court order and failure to prosecute.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 27, 2018**

UNITED STATES MAGISTRATE JUDGE