UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE, | Case No.: 1:14-cv-00706-DAD-SAB (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATION REGARDING DEFENDANTS' MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT AND POST SECURITY |
| REDDING, et al., | |
| Defendants. | [ECF No. 126] |

At the time this action was filed, Plaintiff Gregory Ell Shehee was a civil detainee proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

Currently before the Court is Defendants' motion to declare Plaintiff a vexatious litigant and post security, filed September 27, 2018.

**I.**

**RELEVANT PROCEDURAL BACKGROUND**

This action is proceeding on Plaintiff's third amended complaint and claim of excessive force against Defendants J. Redding, J. Blanco, K. Peugh, J. Gonzalez, M. Clark, R. Davis, B. T. Bales, Pamela Ahlin, Audrey King, and Jack Carter with respect to an incident on January 31, 2011.

1

On August 15, 2017, Defendants filed an answer to the third amended complaint. (ECF No. 102.) On August 17, 2017, the Court issued a second discovery and scheduling order. (ECF No. 103.)

As previously stated, on September 27, 2018, Defendants filed a motion to declare Plaintiff a vexatious litigant and post security. As discussed *infra*, despite receiving several extensions of time, Plaintiff has not filed an opposition, and the Defendants' motion has been deemed submitted for review without oral argument. Local Rule 230(l).

## II.

## DISCUSSION

### A. Defendants' Motion

Defendants seek to have Plaintiff declared a vexatious litigant, post security in the amount of $50,000, and issue a pre-filing order prohibiting him from filing any new litigation without first obtaining leave of Court to do so. Local Rule 151(b) of the Eastern District of California, which provides:

> On its own motion or on motion of a party, the Court may at any time order a party to give a security, bond, or undertaking in such amount as the Court may determine to be appropriate. The provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a *procedural* Rule of this Court on the basis of which the Court may order the giving of a security, bond, or undertaking, although the power of the Court shall not be limited thereby.

Local Rule 151(b) (emphasis added). Defendants argue that Plaintiff is a vexatious litigant as defined by California Civil Procedure Code § 391.1, which provides:

> In any litigation pending in any court of this state, at any time until final judgment is entered, a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security or for an order dismissing the litigation pursuant to subdivision (b) of Section 391.3. The motion for an order requiring the plaintiff to furnish security shall be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he or she will prevail in the litigation against the moving defendant.

Cal. Civ. Proc. Code § 391.1.

///

///

2

### B. Plaintiff's Failure to File an Opposition

On October 31, 2018, the Court directed Plaintiff to file an opposition or statement of non-opposition, and Plaintiff failed to respond to the Court's order. Therefore, on November 27, 2018, Findings and Recommendations were issued recommending dismissal of the action. Plaintiff filed objections to the Findings and Recommendations on December 26, 2018, and the Court vacated the Findings and Recommendations on December 27, 2018, and granted Plaintiff thirty days to file an opposition. However, instead of focusing his attention on filing an opposition, Plaintiff again filed objections to the Findings and Recommendations on January 11, 2019, which resulted in the Court issuing an order on January 14, 2019, advising Plaintiff that the filing of objections was inappropriate and advised him to focus his attention of filing an opposition which was due on. On January 16, 2019, Plaintiff filed an extension of time because it was necessary for him to obtain a paper copy of Defendants' motion from the Court. On January 17, 2019, the Court granted Plaintiff until February 8, 2019, to file his opposition. However, the Court noted no further extension of time would be granted because Defendants' motion has been pending for several months, and he was able to litigate this action and had been provided more than ample time to file an opposition.

Despite the Court's order, on February 11, 2019, Plaintiff filed yet another extension of time to file an opposition. The Court denied Plaintiff's request because he has failed to demonstrate extraordinary circumstances to justify a further extension, and the Court deemed Defendants' motion submitted for review. (ECF No. 139.) Nonetheless, on February 25, 2019, Plaintiff filed a belated and unduly untimely opposition to Defendants' present motion, which is probative of bad faith on the part of Plaintiff in litigating this action and lack of regard of the court orders. Therefore, the Court will not consider Plaintiff's untimely opposition.

### C. Vexatiousness Under Federal Law

The Court finds that Local Rule 151(b) is a procedural rule which allows courts in this district to impose payment of a security if the plaintiff is found to be vexatious. Because Local Rule 151(b) is a procedural rule, the Court must look to federal substantive law, not California law, for the definition of vexatiousness and whether posting of security should be required. See, e.g., Smith v. Officer Sergeant, Case No. 2:15-cv-0979 GEB DB P, 2016 WL 6875892, at *2 (E.D. Cal. Nov. 21, 2016) (the

court looks to federal law, not state law, to define a vexatious litigant."); Cranford v. Crawford, Case No. 1:14-cv-00055-AWI-MJS (PC), 2016 WL 4536199, at *3 (E.D. Cal. Aug. 31, 2016 ("… the state statutory definition of vexatiousness is not enough to find a litigant vexatious in federal court."); Goolsby v. Gonzales, Case No. 1:11-cv-00394-LJO-GSA-PC, 2014 WL 2330108, at *1-2 (E.D. Cal. May 29, 2014) ("Under federal law, however, the criteria under which a litigant may be found vexatious is much narrower. While Local Rule 151(b) directs the Court to look to state law for the procedure in which a litigant may be ordered to furnish security, this Court looks to federal law for the definition of vexatiousness, and under federal law, the standard for declaring a litigant vexatious is more stringent…. [T]he mere fact that a plaintiff has had numerous suits dismissed against him is an insufficient ground upon which to make a finding of vexatiousness."); Stringham v. Bick, Case No. CIV S-09-0286 MCE DAD P, 2011 WL 773442, at *3 (E.D. Cal. Feb. 28, 2011) (although more than five unsuccessful lawsuit had been filed in the preceding seven years, the court could not find that the filings were so "numerous or abusive" or "inordinate" to warrant a vexatious order).

The Court has inherent power under the All Writs Act, 28 U.S.C. § 1651(a), to enter a pre-filing order against a vexatious litigant, but a pre-filing order is "an extreme remedy that should rarely be used." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007). A pre-filing order "can tread on a litigant's due process right of access to the courts" and it should not be entered "with undue haste" or without "a cautious review of the pertinent circumstances." Molski, 500 F.3d at 1057 (citation omitted). The focus under federal law is on the number of suits that were frivolous or harassing in nature rather than on the number of suits that were simply adversely decided. Molski, 500 F.3d at 1061; De Long v. Hennessey, 912 F.2d 1144, 1147-48 (9th Cir. 1990). Prior to entering a pre-filing order against a litigant, (1) the litigant must be given notice and an opportunity to be heard, (2) the Court must compile an adequate record, (3) the Court must make substantive findings about the frivolous or harassing nature of Plaintiff's litigation, and (4) the pre-filing order must be narrowly tailored to closely fit the specific vice encountered. Molski, 500 F.3d at 1057 (citing De Long, 912 F.2d at 1147-48) (quotation marks omitted).

In order to sanction a litigant pursuant to the court's inherent powers, the Court must make a specific finding of "bad faith or conduct tantamount to bad faith." Fink v. Gomez, 239 F.3d 989, 994

(9th Cir. 2001). "Bad faith" mean a party or counsel acted vexatiously, wantonly or for oppressive reasons." Chambers v. Nasco, Inc., 501 U.S. 32, 45-46 (1991). Under federal law, litigiousness alone is insufficient to support a finding of vexatiousness. See Moy v. United States, 906 F.2d 467, 470 (9th Cir. 1990) (the plaintiff's claims must not only be numerous, but also be patently without merit). The Ninth Circuit has defined vexatious litigant as "without reasonable or probable cause or excuse, harassing, or annoying." Microsoft Corp. v. Motorola, Inc., 696 F.3d 872, 886 (9th Cir. 2012).

Defendants argue that Plaintiff has commenced or maintained eighteen unsuccessful lawsuits in the past seven years, which were all finally determined adversely to him, and in which he repeatedly filed unmeritorious motions and pleadings.[1] Defendants have cited the following eighteen cases in support of their motion:

1. Shehee v. Beuster, Case No. 1:14-cv-00122-LJO-BAM (PC) (E.D. Cal.), dismissed on February 27, 2015, after Shehee failed to file an amended complaint. When Shehee filed an appeal of the judgment, the court certified that the appeal was not taken in good faith, and revoked Shehee's in forma pauperis status. (RJN Ex. A.)

2. Shehee v. Beuster, Ninth Circuit Case No. 15-15450, appeal from Case No. 1:14-cv-00122-LJO-BAM (PC). Shehee's appeal was declared frivolous and not taken in good faith, and his in forma pauperis status was revoked for the appeal. When Shehee failed to pay the filing fee, the appeal was dismissed on July 30, 2013. (RJN Ex. B.)

3. Shehee v. Carter, Case No. 1:14-cv-00624-LJO-BAM (PC) (E.D. Cal.), dismissed on February 6, 2015, for failure to comply with Rule 8 and failure to state a cognizable claim. (RJN Ex. C.)

4. Shehee v. Cosby, Case No. 1:16-cv-00354-DAD-SAB (PC) (E.D. Cal.), dismissed on March 9, 2017, as barred by the statute of limitations. (RJN Ex. D.)

5. Shehee v. Flores, Case No. 1:14-cv-00589-LJO-GSA (PC) (E.D. Cal.), dismissed on April

---

[1] Defendants' request to take judicial notice ("RJN") of the eighteen cases is granted. See Fed. R. Evid. 201; see also United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004) (finding that the court may take judicial notice of court records in other cases); ECF No. 126-13.

2, 2015, for failure to state a cognizable claim for relief. (RJN Ex. E.) The district court found Shehee's appeal to be frivolous and declined to extend in forma pauperis status on appeal. (Id.)

6. Shehee v. Flores, Ninth Circuit Case No. 15-15716, appeal from Case No. 14-cv-00589-LJO-GSA (PC). Shehee's appeal was declared frivolous, and his in forma pauperis status was revoked. On September 22, 2015, the appeal was dismissed by the Ninth Circuit for failure to pay. (RJN Ex. F.)

7. Shehee v. Hill, Case No. 14-cv-00591-LJO-BAM (PC) (E.D. Cal.), dismissed on May 1, 2014, as duplicative of another action in same court. (RJN Ex. G.)

8. Shehee v. Hill, Case No. 1:13-cv-01936-AWI-DLB (PC) (E.D. Cal.), dismissed on February 19, 2015, for failure to state a cognizable claim for relief.[2] (RJN Ex. H.)

9. Shehee v. King, Case No. 1:14-cv-00590-AWI-GSA (PC) (E.D. Cal.), dismissed on April 3, 2015, for failure to state a cognizable claim for relief. (RJN Ex. I.)

10. Shehee v. King, Case No. 1:14-cv-01412-LJO-BAM (PC), (E.D. Cal.), dismissed on March 20, 2015, for failure to state a cognizable claim for relief. (RJN Ex. J.)

11. Shehee v. King, Ninth Circuit Case No. 15-15843, appeal of Case No. 1:14-cv-01412-LJO-BAM (PC). The district court certified that the appeal was not taken in good faith and revoked Shehee's in forma pauperis status. The Ninth Circuit found the appeal frivolous and confirmed that Shehee was not entitled to in forma pauperis status. The appeal was dismissed after Shehee failed to pay the filing fee. (RJN Ex. K.)

12. Shehee v. Mims, Case No. 1:15-cv-00428-AWI-DLB (PC) (E.D. Cal.), dismissed, without prejudice, on April 1, 2015 for failure to pay the filing fee because Shehee had at least three prior dismissals that qualified as strikes under 28 U.S.C. § 1915(g), and his complaint did not satisfy the imminent danger exception. (RJN Ex. L.)

13. Shehee v. Mims, Ninth Circuit Case No. 15-15713, appeal of Case No. 1:15-cv-

---

[2] Defendants mistakenly reference this case as Case No. 2:13-cv-02424-CKD. However, the case was subsequently transferred to the Fresno Division of the Eastern District of California and assigned Case No. 1:13-cv-01936-AWI-DLB (PC), as reflected in the documents submitted by Defendants. (RJN Ex. H.)

00428-AWI-DLB (PC). The Ninth Circuit denied Shehee in forma pauperis status under 28 U.S.C. § 1915(g), and the appeal was dismissed for failure to pay the filing fee on September 21, 2015. (RJN Ex. M.)

14. Shehee v. Ortega, Case No. 1:14-cv-00623-AWI-MJS (PC) (E.D. Cal.), dismissed, without prejudice on November 26, 2014, as barred by Heck v. Humphrey, 512 U.S. 477 (1994). (RJN Ex. N.)

15. Shehee v. Peugh, Case No. 14-cv-00612-LJO-SKO (PC) (E.D. Cal.), dismissed on December 17, 2014, for failure to state a cognizable claim for relief. (RJN Ex. O.)

16. Shehee v. State of California, Case No. 2:09-cv-02881-KJN (PC), (E.D. Cal.), dismissed on April 18, 2011, for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. (RJN Ex. P.)

17. Shehee v. Villalobos, Case No. 1:14-cv-00622-LJO-DLB (PC) (E.D. Cal.), dismissed on April 13, 2015, for failure to state a cognizable claim for relief. (RJN Ex. Q.)

18. Shehee v. Villalobos, Ninth Circuit Case No. 15-15844, appeal of Case No. 1:14-cv-00622-LJO-DLB (PC). The district court certified the appeal was frivolous and revoked Shehee's in forma pauperis status. The Ninth Circuit confirmed that Shehee was not entitled to in forma pauperis status because the appeal was frivolous, and the appeal was dismissed for failure to pay the filing fee. (RJN Ex. R.)

In sum, of the eighteen cases: seven were dismissed for failure to state a cognizable claim for relief; one was dismissed for failure to comply with Federal Rule of Civil Procedure 8; four appeals were dismissed as frivolous; one case was dismissed for failure to amend the complaint; one case was dismissed as barred by the statute of limitations; one was dismissed as duplicative; two were dismissed for failure to pay the filing fee; and one was dismissed, without prejudice, as barred by Heck v. Humphrey, 512 U.S. 477 (1994).

Defendants contend that Plaintiff is a vexatious litigant as defined by California law, and therefore this Court should require him to post security. Defendants, however, rely almost exclusively on California law and do not address the federal substantive law requirements to show bad faith or willful disobedience of a court's order by Plaintiff. Defendants merely cite the eighteen cases listed above and argue that these cases were decided adversely against him in the past seven years, which is

the vexatious standard under California law.  See Cal. Civ. Proc. Code § 391(b)(1) (A person who, "in the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in small claims court that have been … finally determined adversely to the person …" is a vexatious litigant.).

As previously stated, to sanction a litigant under the court's inherent powers, the Court must make a specific finding of "bad faith or conduct tantamount to bad faith."  Fink, 239 F.3d at 994.  Although Defendants set forth the numerous cases filed by Plaintiff, they have not applied and argued the applicable federal law to determine that Plaintiff is a bad faith litigant under federal law, the Court will not analyze the issue sua sponte.  Accordingly, Defendants' motion to declare Plaintiff a vexatious litigant should be denied, without prejudice.

### III.

### RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motion to declare Plaintiff a vexatious litigant be denied, without prejudice.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **twenty-one (21) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 15, 2019**

UNITED STATES MAGISTRATE JUDGE