UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>REDDING, et al.,<br><br>　　　　Defendants. | No. 1:14-cv-00706-DAD-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 126, 127, 141) |

At the time this action was filed, plaintiff Gregory Ell Shehee was a civil detainee proceeding *pro se* in a civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 15, 2019, the assigned magistrate judge issued findings and recommendations recommending that defendants' motion to declare plaintiff a vexatious litigant and post security be denied without prejudice. (Doc. No. 141.) Specifically, the magistrate judge found that defendants failed to support their argument that plaintiff is a bad faith litigant by citing the applicable federal law. (*Id.* at 3–8.) The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within twenty-one days. (*Id.* at 8.) On March 27, 2019, plaintiff filed objections. (Doc. No. 142.) On April 5, 2019, defendants also filed objections. (Doc. No. 143.)

/////

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including the parties' objections, the court finds the findings and recommendation to be supported by the record and by proper analysis.

Plaintiff's objections appear to be directed primarily to the conduct of defendants and their counsel and are not responsive to the magistrate judge's findings and recommendations. (*See generally* Doc. No. 142.) Plaintiff's objections therefore provide no basis for questioning the magistrate judge's analysis.

Defendants, for their part, object to the magistrate judge's finding that they failed to address the applicable federal standard for declaring plaintiff a vexatious litigant. Defendants' motion, however, only alleges in conclusory terms that plaintiff's eighteen lawsuits filed over a seven-year period meet the federal definition of vexatiousness. (*See* Doc. No. 126-1 at 24) ("The sheer magnitude of Shehee's filings in this Court, coupled with his broad pattern of frivolous and harassing litigation, verifies he is vexatious, even under the federal definition.") While defendants contend that plaintiff's lawsuits "have no merit whatsoever," more than half of the lawsuits identified by defendants were dismissed on procedural grounds, including plaintiff's failure to file an amended complaint, plaintiff's failure to pay the filing fee, statute of limitations grounds, and *Heck v. Humphrey* grounds. (*Id.* at 10–14.)

Restricting a litigant's access to the courts is "a serious matter." *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014). "[T]he right of access to the courts is a fundamental right protected by the Constitution." *Id.* (quoting *Delew v. Wagner*, 143 F.3d 1219, 1222 (9th Cir. 1998)). Thus, "pre-filing orders [pursuant to § 1651] are an extreme remedy that should rarely be used." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007); *see also Ringgold-Lockart*, 761 F.3d at 1062 ("In light of the seriousness of restricting litigants' access to the courts, pre-filing orders should be a remedy of last resort."). Here, defendants have not established that this is the rare case that would justify the issuance of a pre-filing injunction at this time. Defendants make only passing reference to the federal standard of vexatiousness, without demonstrating that plaintiff's lawsuits were "patently without merit" or

filed with the intent to harass defendants. *Molski*, 500 F.3d at 1059–60.

Because the magistrate judge did not err in finding that defendants failed to demonstrate that plaintiff is a vexatious litigant under the applicable federal standard, the magistrate judge also did not err in finding that defendants are not entitled to an order requiring plaintiff to post security to pursue this action. *See* L.R. 151(b) (adopting provisions of the California Code of Civil Procedure relating to ordering vexatious litigants to post a security).

Accordingly:

1. The findings and recommendations issued on March 15, 2019 (Doc. No. 141) are adopted; and
2. Defendants' motion to declare plaintiff a vexatious litigant and post security (Doc. Nos. 126, 127) is denied without prejudice.

IT IS SO ORDERED.

Dated: **June 10, 2019**

UNITED STATES DISTRICT JUDGE

3