UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE,<br><br>    Plaintiff,<br><br>    v.<br><br>REDDING, et al.,<br><br>    Defendants. | Case No.: 1:14-cv-00706-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING ACTION BE DISMISSED FOR FAILURE TO UPDATE ADDRESS AND FAILURE TO PROSECUTE THIS ACTION<br><br>(ECF No. 176) |

At the time this action was filed, Plaintiff Gregory Ell Shehee was a civil detainee proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding on Plaintiff's third amended complaint and claims of excessive force against Defendants J. Redding, K. Peugh, J. Gonzalez, M. Clark, R. Davis, and B. T. Bales, with respect to an incident on January 31, 2011.

On August 15, 2017, Defendants filed an answer to the third amended complaint. (ECF No. 102.) On August 17, 2017, the Court issued a second discovery and scheduling order. (ECF No. 103.)

On September 27, 2018, Defendants filed a motion to declare Plaintiff a vexatious litigant requiring security and issuance of a pre-filing order. (ECF No. 126.)

1  After Plaintiff failed to file an opposition as directed by the Court, Findings and Recommendations were issued to dismiss the action on November 27, 2018.  (ECF No. 131.)  On December 26, 2018, Plaintiff filed objections.  (ECF No. 132.)  On December 27, 2018, the Court vacated the November 27, 2018 Findings and Recommendations and granted Plaintiff thirty days to file an opposition to Defendants' September 27, 2018 motion.  (ECF No. 133.)

On March 15, 2019, the undersigned issued Findings and Recommendations recommending that Defendants' motion to declare Plaintiff a vexatious litigant be denied.  (ECF No. 141.)

On June 10, 2019, the Findings and Recommendations were adopted in full.  (ECF No. 150.)

On August 14, 2019, the Court issued a second scheduling order setting the case for jury trial before District Judge Dale A. Drozd on April 7, 2020.  (ECF No. 158.)

On this same date, the Court set the matter for a settlement conference on October 3, 2019 before Magistrate Judge Jeremy D. Peterson.  (ECF No. 159.)

On September 5, 2019, Defendants filed a motion to amend the scheduling order.  (ECF No. 163.)

On October 3, 2019, the settlement conference was conducted in which no settlement was reached.

On October 8, 2019, the Court granted Defendants' request to amend the scheduling order and extended the deadline to file a dispositive motion to December 16, 2019.  (ECF No. 169.)

On December 13, 2019, Defendants filed the instant motion for summary judgment.  (ECF No. 170.)  Plaintiff did not file an opposition.

On June 30, 2020, the undersigned issued Findings and Recommendations recommending that Defendants' motion for summary judgment be granted in part and denied in part.  (ECF No. 175.)  The Findings and Recommendations were served on the parties and contained notice that objections were due within twenty-one days.  (Id. at 14.)  Neither party filed objections.

On August 24, 2020, the Findings and Recommendations were adopted in full, Defendants' motion for summary judgment was granted in part and denied in part, and judgment was entered in favor of Defendants Blanco, Ahlin, King, and Carter.  (ECF No. 176.)

On September 3, 2020, the order adopting the Findings and Recommendations was returned by the United States Postal Office as undeliverable and unable to forward.

## II.

## DISCUSSION

Plaintiff is required to keep the Court apprised of his current address at all times. Local Rule 183(b) states: "A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty- three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[1]

"In determining whether to dismiss a[n] [action] for failure to prosecute, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). " 'The public's interest in expeditious resolution of litigation always favors dismissal.' " Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." Pagtalunan, 291 at 639. Here, the Court's August 24, 2020 order was returned as undeliverable on September 3, 2020, and Plaintiff's notice of change of address was due on or before November 5, 2020-63 days thereafter. However, Plaintiff has failed to keep the Court

---

[1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. Hells Canyon Pres. Council v. U. S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

informed of his current address. This failure prevents the Court from communicating with Plaintiff and is interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. at 642 (citing Yourish, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and it is Plaintiff's failure to keep the Court informed of his current address that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* status, it appears that monetary sanctions are of little use. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice. It is Plaintiff's responsibility to comply with the Court's orders and Local Rules, which require Plaintiff to keep his address of record updated. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.[2]

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. Id. Accordingly, dismissal of the instant action for failure to prosecute is warranted.

### III.
### RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the instant action be dismissed, without prejudice, for failure to prosecute and comply with Local Rule 183(b).

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections

---

[2] The Court also takes judicial notice of the fact that another one of Plaintiff's cases pending in this Court was dismissed on September 9, 2020, for failure to prosecute and update his address of record. See Shehee v. Perez, Case No. 1:16-cv-01346-AWI-BAM (PC) (ECF Nos. 80, 81). Fed. R. Evid. 201(b)(2); Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007).

with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 13, 2020**

UNITED STATES MAGISTRATE JUDGE